UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON  DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| GRACE FELLOWSHIP BAPTIST CHURCH | § | |
| OF HOUSTON, INC. | § | CASE NO. 11-39429-H1-11 |
| | § | (Chapter 11) |
| GRACE FELLOWSHIP CHRISTIAN | § | CASE NO. 11-39430-H1-11 |
| CENTER, INC. | § | (Chapter 11) |
| | § | |
| | § | |
| DEBTORS | § | Jointly Administered |

DISCLOSURE STATEMENT OF
GRACE FELLOWSHIP BAPTIST CHURCHOF HOUSTON, INC. andGRACE
FELLOWSHIP CHRISTIAN CENTER, INC.

Dated: March 13, 2012

Thomas B. Greene, III
2311 Steel Street
Houston, TX 77010
713-882-2312

ATTORNEY FOR DEBTOR

I.

<u>INTRODUCTION</u>

Grace Fellowship Baptist Church of Houston, Inc. and Grace Fellowship Christian Center, Inc, ("collectively referred to as the Debtor") provides this its Disclosure Statement (the "Disclosure Statement") to all of its known Creditors and other Parties-in-interest (hereinafter sometimes collectively referred to as "Creditors") to disclose that information deemed to be material, important and necessary to arrive at a reasonably informed decision by each Creditor exercising the right to vote on the Debtor's Plan of Reorganization (the "Plan") which has been filed with the United States Bankruptcy Court (the "Court") in the above-styled and numbered Chapter 11 case. A copy of the Plan is enclosed with this Disclosure Statement and the terms and definitions contained in the Plan are incorporated herein by reference for all purposes. The Statement of Financial Affairs and Statements of All Liabilities and Assets of the Debtor containing detailed financial information concerning the Debtor are on file with the Clerk of the Court and are available for public inspection by any interested party.

II

<u>REPRESENTATIONS</u>

NO REPRESENTATIONS OR OTHER STATEMENTS CONCERNING THE DEBTOR (PARTICULARLY AS TO ITS FUTURE BUSINESS OPERATIONS OR THE VALUE OF Its ASSETS) ARE AUTHORIZED BY THE DEBTOR, OTHER THAN THOSE EXPRESSLY SET FORTH IN THIS DISCLOSURE STATEMENT. ANY REPRESENTATIONS OR INDUCEMENTS MADE TO SECURE YOUR ACCEPTANCE, WHICH ARE OTHER THAN AS SET FORTH IN THIS STATEMENT, SHOULD NOT BE RELIED UPON BY YOU IN ARRIVING AT YOUR DECISION. ANY SUCH ADDITIONAL REPRESENTATIONS AND INDUCEMENTS SHOULD BE REPORTED TO COUNSEL FOR THE DEBTOR WHO SHALL

2

DELIVER SUCH INFORMATION TO THE BANKRUPTCY COURT WHICH MAY TAKE SUCH ACTION AS IT DEEMS APPROPRIATE.

THE INFORMATION CONTAINED HEREIN HAS NOT BEEN INDEPENDENTLY AUDITED. THE RECORDS KEPT BY THE DEBTOR RELY FOR THEIR ACCURACY UPON BOOKKEEPING PERFORMED BOTH INTERNALLY AND BY OUTSIDE SERVICES. FOR THIS REASON, THE DEBTOR DOES NOT WARRANT OR REPRESENT THAT THE INFORMATION CONTAINED HEREIN IS CORRECT, ALTHOUGH EVERY REASONABLE EFFORT HAS BEEN MADE TO BE ACCURATE. THIS DISCLOSURE STATEMENT CONTAINS ONLY A SUMMARY OF THE PLAN AND IS QUALIFIED IN ITS ENTIRETY BY THE TERMS AND PROVISIONS OF THE PLAN. EACH CREDITOR IS URGED TO REVIEW THE PLAN IN FULL PRIOR TO VOTING ON THE PLAN TO INSURE A COMPLETE UNDERSTANDING OF THE PLAN AND THIS DISCLOSURE STATEMENT.

THIS DISCLOSURE STATEMENT IS INTENDED FOR THE SOLE USE OF CREDITORS OF THE DEBTOR TO ENABLE SUCH CREDITORS TO MAKE AN INFORMED DECISION ABOUT THE PLAN.

I.

EXPLANATION OF CHAPTER 11

Chapter 11 is the principal reorganization chapter of the Bankruptcy Code. Under Chapter 11, a Debtor attempts to reorganize its business for the benefit of its creditors. Section 362 thereunder provides for an automatic stay of all attempts to collect from a Debtor claims which arose prior to the commencement of the case or otherwise interfere with the Debtor's property or business. After commencement of a Chapter 11 case, the Debtor may operate as Debtor-in-Possession in accordance with the provisions of Section 1107 and 1108 of the Bankruptcy Code.

Formulation of a plan of reorganization is the primary purpose of a reorganization case under

Chapter 11.  The plan sets forth the means for satisfying the holders of claims against, and interests in, the Debtor.  After the plan has been filed, it must be accepted by holders of certain claims in the Debtor, and Section 1125 of the Bankruptcy Code requires full disclosure before acceptance of the plan may be solicited by any party-in-interest.  This Disclosure Statement is presented to Creditors and interest holders to satisfy the requirements of Section 1125 of the Bankruptcy Code.

IV.

## PROCEDURE FOR ALLOWANCE OF CLAIMS AND INTERESTS

The Bankruptcy Court has entered or will enter an Order setting the bar date for filing with the Bankruptcy Court proofs of claim or proofs of interest.  The Plan provides that Claims in all classes shall be allowed only if evidenced by a timely filed proof of claim or application for payment of compensation which is allowed by the Court, or which otherwise appears in the Schedules filed by the Debtor and is not listed as disputed, contingent or unliquidated, unless subsequently allowed and ordered paid by the Court.

V.

## VOTING PROCEDURES AND REQUIREMENTS

5.01    Ballots and Voting Deadline

In addition to this Disclosure Statement and a copy of the Plan, each Creditor entitled to vote will hereinafter be provided with a ballot to be used for voting to accept or reject the Plan.

In order to be counted for voting purposes, ballots for the acceptance or rejection of the Plan must be completed and returned to the Bankruptcy Court prior to the hearing before the Court regarding its approval of the Plan or at such other time as the Court may set.  The time and date of the hearing will be set forth in a notice to the Creditor.

Whether or not the Creditor entitled to vote expects to be present at the hearing, each Creditor is urged to complete, date, sign and properly mail the ballot to the following address:

4

Thomas B. Greene, III
2311 Steel Street
Houston, TX 77098

5.02    Creditors Entitled to Vote

Any Creditor of the Debtor whose Claim is impaired under the Plan is entitled to vote, if either (i) its Claim has been scheduled by the Debtor (and such Claim is not scheduled as disputed, contingent or unliquidated), or (ii) it has filed a proof of claim on or before the last date set by the Bankruptcy Court for such filings.  Any Claim as to which an objection has been filed (and such objection is still pending) is not entitled to vote, unless the Bankruptcy Court temporarily allows the Claim in an amount which it deems proper for the purpose of accepting or rejecting the Plan upon application by the creditor.  Such application must be heard and determined by the Bankruptcy Court at such time as specified by the Court.  A Creditor's vote may be disregarded if the Bankruptcy Court determines that the Creditor's acceptance or rejection was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code.

5.03    Definition of Impairment

Under Section 1124 of the Bankruptcy Code, a class of claims or equity interests is impaired under a plan of reorganization unless, with respect to each claim or equity interest of such class, the plan:

(a)    leaves  unaltered the legal, equitable, and contractual rights of the holder of such claim or interest; or (b) notwithstanding any contractual provision or applicable law that entitles the holder of a claim or interest to receive accelerated payment of its claim or interest after the occurrence of a default:

(i)    cures any such default that occurred before or after the commencement of the case under the Bankruptcy Code, other than a default of a kind specified in Section 365(b)(2) of the Bankruptcy Code;

5

(ii)      reinstates the maturity of such claim or interest as it existed before the default;

(iii)      compensates the holder of such claim or interest for damages incurred as a result of

reasonable reliance on such contractual provision or applicable law; and

(iv)      does not otherwise alter the legal, equitable, or contractual rights to which such claim

or equity interest entitles the holder of such claim or interest.

5.04      Classes Impaired Under the Plan

The following classes of Claims are impaired under the Plan and Creditors holding Claims

in such classes are entitled to vote to accept or reject the Plan:

1. Class 2: Unsecured Claim of Assemblies of God Loan Fund

2. Class 3:  Unsecured creditors.

5.05      Vote Required for Class Acceptance

The Bankruptcy Code defines acceptance of a plan by a class of creditors as acceptance by

holders of at least two-thirds in dollar amount and more than one-half in number of the claims of that

class which actually cast ballots for acceptance or rejection of the plan, i.e., acceptance takes place

only if at least two-thirds in amount and more than one-half in number of the creditors actually voting

cast their ballots in favor of acceptance.

The Bankruptcy Code defines acceptance of a plan by a class of interests as acceptance by

holders of at least two-thirds in amount of the allowed interests of such class.

VI.

CONFIRMATION OF THE PLAN

Under the Bankruptcy Code, the following steps must be taken to confirm the Plan:

6.01      Confirmation Hearing

Section 1128(a) of the Bankruptcy Code requires the Bankruptcy Court, after notice, to hold a hearing on confirmation of the Plan (the "Confirmation Hearing").  Section 1128(b) provides that any party-in-interest may object to confirmation of the Plan.

The time and date of the Confirmation Hearing will be set forth in a notice to each creditor. The Confirmation hearing may be adjourned from time to time by the Bankruptcy Court without further notice, except for an announcement made at the Confirmation Hearing or any adjournment thereof.  Any objection to confirmation must be made in writing and filed with the Bankruptcy Court and served upon the following parties, together with proof of service, on or before the date set by the Court:

> Thomas B. Greene, III
> 2311 Steel Street
> Houston, TX 77098

Objections to confirmation of the Plan are governed by Bankruptcy Rule 9014.  UNLESS AN OBJECTION TO CONFIRMATION IS TIMELY SERVED AND FILED IT WILL NOT BE CONSIDERED BY THE BANKRUPTCY COURT.

6.02    Requirements for Confirmation of the Plan

At the Confirmation Hearing, the Bankruptcy Court shall determine whether the requirements of Section 1129 of the Bankruptcy Code have been satisfied, in which event the Bankruptcy Court shall enter an order confirming the Plan.  These requirements are as follows:

1.    The Plan complies with the applicable provisions of the Bankruptcy Code.

2.    The Debtor has complied with the applicable provisions of the Bankruptcy Code.

3.    The Plan has been proposed in good faith and not by any means forbidden by law.

4.    Any payment made or promised by the Debtor or by a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in, or in connection with the case or in connection with the Plan and incident to the case, has

7

been disclosed to the Bankruptcy Court, and any such payment made before the confirmation of the Plan is reasonable, or if such payment is to be fixed after confirmation of the Plan, such payment is subject to the approval of the Bankruptcy Court as reasonable.

5.    The Debtor has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as a director or officer of the Debtor, and the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders and with public policy, and the Debtor has disclosed the identity of any insider that will be employed or retained by the reorganized Debtor, and the nature of any compensation for such insider.

6.    With respect to each impaired class of claims or interests, either each holder of a claim or interest of such class has accepted the Plan, or will receive or retain under the Plan on account of such claim or interest property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor was liquidated on such date under Chapter 7 of the Bankruptcy Code.

7.    Each class of claims or interests has either accepted the Plan or is not impaired under the Plan.

8.    Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan provides that administration expenses and priority claims (other than tax claims) will be paid in full on the Effective Date or reach an agreement with Debtor otherwise and that priority tax claims will receive on account of such claims deferred cash payments, over a period not exceeding six years after the date of assessment of such claim, of a value, as of the Effective Date,  equal to the

allowed amount of such claim.

9.      At least one class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider holding a claim of such class.

10.     Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan.

The Debtor believes that the Plan satisfied all of the statutory requirements of Chapter 11 of the Bankruptcy Code, that the Debtor has complied or will have complied with all of the requirements of Chapter 11 and that the proposal of the Plan is made in good faith.

The Debtor believes that the holders of all claims impaired under the Plan will receive payments under the Plan having a present value as of the Effective Date in amounts not less than the amounts likely to be received if the Debtor was liquidated in a case under Chapter 7 of the Bankruptcy Code.

6.03    Information on Voting and Ballots

Ballots are being forwarded to all Creditors and Interest Holders.  Those Creditors whose Claims are unimpaired under the Plan are conclusively presumed to have accepted the Plan under Section 1126(f) of the Bankruptcy Code, and therefore need not vote with regard to the Plan.  Under Section 1126(g) of the Bankruptcy Code, Creditors or Interest holders who do not either receive or retain any property under the Plan are deemed to have rejected the Plan.  In the event a Creditor does not vote, the Bankruptcy Court may deem such Creditor to have accepted the Plan.

Ballots received by Debtor in the following categories shall not be counted as an acceptance or rejection, unless otherwise ordered by the Court:

1.      The claimant or its authorized representative did not use the authorized Ballot form,

9

or a form of Ballot substantially similar to such authorized form;

2.      The Ballot was not received by Debtor on or before the time and date and at the place set forth by the Order;

3.      The claimant or its authorized representative did not check one of the boxes indicating acceptance or rejection of the proposed Plan, or checked both such boxes;

4.      The Ballot was not signed by the claimant or its authorized representative;

5.      The claimant failed to fill in the claim amount, where the Ballot has a claim amount blank to be completed; or

6.      The Person casting the Ballot (whether directly or as a representative) was not a holder of a claim as of the date of entry of the Order Approving Disclosure Statement in Debtor's Chapter 11 case and therefore was not entitled to vote.

6.03    <u>Cramdown</u>

In the event that any impaired class of Claims does not accept the Plan, the Bankruptcy Court may still confirm the Plan at the request of Debtor if, as to each impaired class which has not accepted the Plan, the Plan "does not discriminate unfairly" and is "fair and equitable." A plan of reorganization does not discriminate unfairly within the meaning of the Bankruptcy Code if no class receives more than it is legally entitled to receive for its claims or interests.  "Fair and equitable" has different meanings for secured and unsecured claims.

With respect to a secured claim, "fair and equitable" means either (i) the impaired secured creditor retains its liens to the extent of its allowed claim and receives deferred cash payments at least equal to the allowed amount of its claim with a present value as of the effective date at least  equal to the value of such creditor's interest in the property securing its liens, (ii) property subject to the lien of the impaired secured creditor is sold free and clear of that lien, with that lien attaching to the proceeds of the sale, and such lien proceeds must be treated in accordance with clauses (i) or (ii)

hereof, or (iii) the impaired secured creditor the "indubitable equivalent" of its claim under the plan.

VII.

## BACKGROUND OF DEBTOR'S OPERATIONS
## AND EVENTS LEADING TO FILING OF CHAPTER 11

Debtor Grace Fellowship Baptist Church of Houston, Inc. is a non profit corporation which operates a Baptist church and fellowship center on property located on several lots on Kewanee Street in Houston, Texas. The main church building is at 4139 Kewanee, which the church leases from Assemblies of God Loan Fund ("AG.") The church owns  other property subject to a mortgage in favor of AG. AG is a lender to various churches and other bodies located in Springfield, Missouri. Debtor Grace Fellowship Community Center was formed at the request of AG to purchase the church building and associated property. . It has no current business activities.

After the Debtor leased the main church building from AS,  mold was discovered in the church  while the building was inspected by the City of Houston. Accordingly, the church had to be operated in other buildings and a representative of AS agreed to made remedial payments to the Debtor to cover those expenses. The mold remediation took much longer than expected and Debtor was not able to move in until. There arose a dispute over the rent and credits due on the rent.

The filing of this Chapter 11    proceeding was precipitated by the actions of AS  in attempting to terminate the lease and evicting Debtor and its subtenant from the Property and its attempt to foreclose on the adjacent property.

VIII.

## COURSE OF PROCEEDINGS IN CHAPTER 11

Debtor has remained in possession of its property and has continued to conduct its business as Debtor-in-Possession.

Attached hereto as Exhibit "A" is a summary of the monthly operating reports for Grace

Fellowship Baptist Church. Grace Fellowship Community Center has had no activity.

IX.

DESCRIPTION OF ASSETS AND DEBT STRUCTURE

Debtors are non-profit corporations formed to operate a church and fellowship center. The pastor of the church is Leonard McCollum, who is the president of each organization. The Debtor owns two houses and a lot at 4122 , 4118, and 4206 Kewanee, Houston, Texas worth approximately $150,000.00. AG has a mortgage on these lots.

The Debtor further operates a Church at 4139 Kewanee, which it leases, along with 4132 and 4115  Kewanee from AG.

The following is a summary of Debtor's debts:

1. AG has a secured claim on Debtor's real estate in the amount of $134,500.00 plus accrued interest.

2. Debtor has approximately in unsecured claims, primary consisting of $45,000 of unpaid or disputed rent with AG.

3.  There are no property tax claims or other priority claims known to Debtor.

X.

DESCRIPTION OF THE PLAN OF REORGANIZATION

11.01   Introduction

Reference is hereby made to the Plan, a copy of which is enclosed herewith, for details concerning the classification and the treatment of the holders of claims against the Debtor and holders of interests in the Debtor.  Unless otherwise defined herein, all capitalized terms used herein shall have the same meaning as defined in the Plan.  Under the terms of the Plan, all parties with a claim against the Debtor or their property will be placed into certain classes, as described below.

12

The Plan calls for Debtor to purchase the property it is renting from AG for $1,150,000.00. It will furthermore become current on its mortgage with AG and retain the real estate that it owns. Debtor's ultimate goal is to pay AG a total of $1,300,000.00 for all of the property on Kewanee that it operates.

Debtor will purchase the rented property with a bridge loan from Plan D Investments, L.L.C., a private mney lender, in the amount of $1,150,000. It will bring its payments on the mortgage current upon Consummation of the Plan and continue to make regular payments until Debtor can obtain permanent financing in the total amount of $1,300,000 for all the properties, which Debtor anticipates to be 6 months.

Debtor will be able to finance this Plan because of two developments. Debtor has been leasing the church buildings to Grace Community Fellowship Church, an unrelated entity, for use while Debtor does not need the facilities. Furthermore, Debtor has been in negotiations with the Veteran's Administration to lease one of its houses for use by veterans. The property is located near the VA Hospital. Debtor would provide living accommodations for the veterans but not provide medical care. Debtor anticipates that the agreement will be finalized within ___days and Debtor will begin receiving an extra ____ per month.

11.02   <u>Administrative Claims</u>

Administrative Claims constitute any claims against the Debtor for any cost or expense of the Chapter 11 case allowed under Section 503(b) of the Bankruptcy Code. Professional fees are included under this lease. Allowed claims shall be paid in full on the Effective Date or paid pursuant to an agreement that may be worked out between Debtor and the claimant. Payments shall be made from cash on hand. Debtor estimates these claims to be $15,000.00 or less.

11.03   <u>Treatment of Class 1 Claims</u>

Section 507 of the Bankruptcy Code provides that certain claims receive priority for payment,

which may include claims for taxes, alimony and child support, wage claims, contributions to pension plans, and other such claims. The Class 1 Claims consist of the priority claimants including ad valorem tax claims that are secured by Debtor's real estate. The holder of an Allowed Priority Claim will receive Cash payments for the full amount of its claim from Reorganized Debtor upon the Consummation Date. Debtor does not believe that there are any such claimants.

11.04   Treatment of the Class 2 Claim

The Class 2 Claim is the secured claim of AG, which has a mortgage on Kewanee. Upon Consummation, Debtor will bring current all arrears on the Mortgage and continue to make the monthly payments called for in the note securing the lien.

11.05 Treatment of the Class 3 Claims.  Debtor will purchase the from AG, which owns the Property at 4139, 4132, 1nd 4115  Kewanee  for total consideration of $1.150,000. Within 30 days of confirmation, Debtor will borrow $1,150,000.00 plus closing costs and fees from Plan D Investments, L.L.C. and pay a net of $1,150,000.00 to the AG. Upon such payment AG will transfer the Property to  Debtor. The  note with Plan D shall bear interest at the rate of —% per annum and Lamb shall have a first lien on the property to secure the gross amount of the amount loaned. Whatever Class 3 Claim AG has for unpaid rent will be extinguished by the sale. All other Class 3 Claimants will be paid in full at closing of the sale.

11.06.   Treatment of the Class 4 Claims

The Class 4 is the ownership interest in Debtor.   It will continue to have the ownership interest in the corporations. It will not receive any distribution, however, under the plan.

XI.

LIQUIDATION ANALYSIS

Debtor believes that the plan provides that the creditors would receive at least what they would receive in a Chapter 7 liquidation. Under a Chapter 7 liquidation, the Debtor would lose its

14

interest in the lease and all the creditors would receive nothing.

## XII.

## FEDERAL INCOME TAX CONSEQUENCES

The federal income tax aspects of reorganizations under Chapter 11 are complicated and uncertain at this time, and it is not possible to present in this Disclosure Statement a detailed analysis of the tax consequences of the actions contemplated by the Plan.  Consequently, each creditor and interest holder is urged to consult its own tax advisors with respect to the consequences of the Plan.

In general, the Internal Revenue Code provides that a taxpayer that realizes a "discharge of indebtedness" must include such discharge of indebtedness, i.e., the amount by which the indebtedness discharged exceeds any consideration given for such discharge, in gross income. The Internal Revenue Code further provides, however, that if a taxpayer is under the jurisdiction of a Bankruptcy Court in a case brought under the Bankruptcy Code and the discharge of indebtedness is granted by the court or is pursuant to a plan approved by the court, such discharge of indebtedness is not required to be included in gross income.  Accordingly, the Debtor will not be required to include in income any discharge of indebtedness resulting pursuant to the Plan.

Although not included in gross income, any discharge of indebtedness will reduce certain tax attributes of the Debtor, which may include net operating loss carry overs, investment tax credit carry overs, capital loss carry overs, tax basis of assets and foreign tax credit carry overs.

The Bankruptcy Tax Act of 1980 provides that the Debtor's tax attributes will be reduced to the extent of any discharge of indebtedness income in the following order: (i) net operating loss carry overs; (ii) investment tax credit carry overs; (iii) capital loss carry overs; (iv) the tax basis (both depreciable and non-depreciable) of its assets (excluding cash); and (v) foreign tax carry overs.  The loss items and the basis of assets are reduced one dollar for each dollar of cancellation

15

of indebtedness income.   The credit items are reduced fifty cents for each dollar of cancellation

of indebtedness income.  If the cancellation of indebtedness income exceeds the Debtor's tax

attributes, such income is simply disregarded and does not result in taxable income or have other

tax consequences.   As a result of the Debtor's reorganization, there will be additional limitations

on the Reorganized Debtor's use of its otherwise available tax attributes if the Reorganized

Debtor does not continue to carry on substantially the same business as it conducted before the

reorganization.  There would be a potential adverse effect upon the Reorganized Debtor and its

future operations to the extent it realizes discharge of indebtedness income and its Tax Attributes

for use in years subsequent to confirmation of the Plan.

XIII.

## MANAGEMENT OF THE REORGANIZED DEBTOR AND PROJECTION OF PAYMENTS UNDER THE PLAN

Debtor Grace Fellowship Baptist of Houston, Inc. will continue to operate as a non-profit

corporation. Debtor will continue to be managed by Leonard McCollum, who will receive no

compensation during the term of the Plan. Debtor Grace Fellowship Community Center, Inc. will

be dissolved.

XIV.

## PENDING LITIGATION

2. AG has pending in Harris County Justice Court a petition for forceable detainer, which is

currently stayed by virtue of 11 U.S.C. Sec. 362.

XV.

## EVALUATION OF RISK

As with any Plan of Reorganization, there are certain risks that must be noted in reviewing

the Plan.  The most significant risk is that there is another significant economic downturn, especially

16

in the local housing market, and the property cannot be liquidated for the prices and in the time frame contemplated.

XVI.

## CONSEQUENCES OF REJECTION OF THE PLAN

Debtor believes that rejection of the plan will result in the following:

1.    protracted litigation between various (secured and unsecured) creditors and the Debtor resulting in enormous administrative expense to the detriment of all creditors;

2.    extensive litigation risks for all parties involved;

3.    diminution of the value of the estate to the detriment of all creditors.

XVII.

## VOIDABLE TRANSFERS

Debtor has analyzed its prepetition transactions and believes that there are no voidable transfers.

XVIII.

## POSTPETITION LIABILITIES OF THE ESTATE

The Debtor have incurred no significant postpetition liabilities in the administration of the estate other than normal administrative expenses.  Such obligations will largely terminate under the Plan. Debtor will continue to pay its post-petition tax liabilities and file all required tax returns. Debtor will continue to file its operating reports and make its required payments to the United States Trustee until the case is closed by the Court.

XIX.

## SOURCE OF INFORMATION

Substantially all of the financial information was prepared by Debtor and its in house accountants. Debtor is using cash basis of accounting.

XX.

<u>CONCLUSION</u>

The Debtor believes that its Plan will provide an opportunity for creditors to receive more than those creditors would receive in termination of the Debtor's business affairs and liquidation of its assets by a trustee.  Accordingly, the Debtor urges you to vote in favor of the Plan.

DATED this the 13th day of March,  2012.

Respectfully submitted,

/s/ Leonard McCollum
_____

Leonard McCollum
President

APPROVED:

/s/ Thomas B. Greene, III
BY:_____

Thomas B. Greene, III
State Bar No. 08395500
2311 Steel Street
Houston, TX 77098
(713) 882-2312

ATTORNEY FOR DEBTOR

EXHIBIT A

B 25C (Official Form 25C) (12/08)

# UNITED STATES BANKRUPTCY COURT

Southern District of Texas

In re   Grace Fellowship Baptist Church          ,          Case No.   1139429

*Debtor*

Small Business Case under Chapter 11

## SMALL BUSINESS MONTHLY OPERATING REPORT

Month:   November,2011          Date filed:   10/31/2011

Line of Business:   Religious organization          NAISC Code:

IN ACCORDANCE WITH TITLE 28, SECTION 1746, OF THE UNITED STATES CODE, I DECLARE UNDER PENALTY OF
PERJURY THAT I HAVE EXAMINED THE FOLLOWING SMALL BUSINESS MONTHLY OPERATING REPORT AND THE
ACCOMPANYING ATTACHMENTS AND, TO THE BEST OF MY KNOWLEDGE, THESE DOCUMENTS ARE TRUE,
CORRECT AND COMPLETE.

RESPONSIBLE PARTY:

Original Signature of Responsible Party

Leonard McCollum

Printed Name of Responsible Party

**Questionnaire:** *(All questions to be answered on behalf of the debtor.)*

| | | Yes | No |
|---|---|---|---|
| 1. | IS THE BUSINESS STILL OPERATING? | ☑ | ☐ |
| 2. | HAVE YOU PAID ALL YOUR BILLS ON TIME THIS MONTH? | ☑ | ☐ |
| 3. | DID YOU PAY YOUR EMPLOYEES ON TIME? | ☑ | ☐ |
| 4. | HAVE YOU DEPOSITED ALL THE RECEIPTS FOR YOUR BUSINESS INTO THE DIP ACCOUNT THIS MONTH? | ☐ | ☑ |
| 5. | HAVE YOU FILED ALL OF YOUR TAX RETURNS AND PAID ALL OF YOUR TAXES THIS MONTH | ☑ | ☐ |
| 6. | HAVE YOU TIMELY FILED ALL OTHER REQUIRED GOVERNMENT FILINGS? | ☑ | ☐ |
| 7. | HAVE YOU PAID ALL OF YOUR INSURANCE PREMIUMS THIS MONTH? | ☑ | ☐ |
| 8. | DO YOU PLAN TO CONTINUE TO OPERATE THE BUSINESS NEXT MONTH? | ☑ | ☐ |
| 9. | ARE YOU CURRENT ON YOUR QUARTERLY FEE PAYMENT TO THE U.S. TRUSTEE? | ☑ | ☐ |
| 10. | HAVE YOU PAID ANYTHING TO YOUR ATTORNEY OR OTHER PROFESSIONALS THIS MONTH? | ☐ | ☑ |
| 11. | DID YOU HAVE ANY UNUSUAL OR SIGNIFICANT UNANTICIPATED EXPENSES THIS MONTH? | ☐ | ☑ |
| 12. | HAS THE BUSINESS SOLD ANY GOODS OR PROVIDED SERVICES OR TRANSFERRED ANY ASSETS TO ANY BUSINESS RELATED TO THE DIP IN ANY WAY? | ☐ | ☑ |
| 13. | DO YOU HAVE ANY BANK ACCOUNTS OPEN OTHER THAN THE DIP ACCOUNT? | ☑ | ☐ |

Page 2

B 25C (Official Form 25C) (12/08)

| | | | |
|---|---|---|---|
| 14. | HAVE YOU SOLD ANY ASSETS OTHER THAN INVENTORY THIS MONTH? | ☐ | ☑ |
| 15. | DID ANY INSURANCE COMPANY CANCEL YOUR POLICY THIS MONTH? | ☐ | ☑ |
| 16. | HAVE YOU BORROWED MONEY FROM ANYONE THIS MONTH? | ☐ | ☑ |
| 17. | HAS ANYONE MADE AN INVESTMENT IN YOUR BUSINESS THIS MONTH? | ☐ | ☑ |
| 18. | HAVE YOU PAID ANY BILLS YOU OWED BEFORE YOU FILED BANKRUPTCY? | ☐ | ☑ |

## TAXES

DO YOU HAVE ANY PAST DUE TAX RETURNS OR PAST DUE POST-PETITION TAX OBLIGATIONS?                                                                                   ☐        ☑

IF YES, PLEASE PROVIDE A WRITTEN EXPLANATION INCLUDING WHEN SUCH RETURNS WILL BE FILED, OR WHEN SUCH PAYMENTS WILL BE MADE AND THE SOURCE OF THE FUNDS FOR THE PAYMENT.

*(Exhibit A)*

## INCOME

PLEASE SEPARATELY LIST ALL OF THE INCOME YOU RECEIVED FOR THE MONTH.  THE LIST SHOULD INCLUDE ALL INCOME FROM CASH AND CREDIT TRANSACTIONS. *(THE U.S. TRUSTEE MAY WAIVE THIS REQUIREMENT.)*

| | | |
|---|---|---|
| **TOTAL INCOME** | $ | 8,500.00 |

### SUMMARY OF CASH ON HAND

| | | |
|---|---|---|
| Cash on Hand at Start of Month | $ | 1,250.00 |
| Cash on Hand at End of Month | $ | 3,000.00 |
| PLEASE PROVIDE THE TOTAL AMOUNT OF CASH CURRENTLY AVAILABLE TO YOU   **TOTAL** | $ | 3,500.00 |

*(Exhibit B)*

## EXPENSES

PLEASE SEPARATELY LIST ALL EXPENSES PAID BY CASH OR BY CHECK FROM YOUR BANK ACCOUNTS THIS MONTH.  INCLUDE THE DATE PAID, WHO WAS PAID THE MONEY, THE PURPOSE AND THE AMOUNT.  *(THE U.S. TRUSTEE MAY WAIVE THIS REQUIREMENT.)*

| | | |
|---|---|---|
| **TOTAL EXPENSES** | $ | 7,500.00 |

*(Exhibit C)*

## CASH PROFIT

| | | |
|---|---|---|
| INCOME FOR THE MONTH *(TOTAL FROM EXHIBIT B)* | $ | 8,500.00 |
| EXPENSES FOR THE MONTH *(TOTAL FROM EXHIBIT C)* | $ | 7,500.00 |
| *(Subtract Line C from Line B)*   **CASH PROFIT FOR THE MONTH** | $ | 1,000.00 |

Page 3

B 25C (Official Form 25C) (12/08)

## UNPAID BILLS

PLEASE ATTACH A LIST OF ALL DEBTS (INCLUDING TAXES) WHICH YOU HAVE INCURRED SINCE THE DATE YOU FILED BANKRUPTCY BUT HAVE NOT PAID.  THE LIST MUST INCLUDE THE DATE THE DEBT WAS INCURRED, WHO IS OWED THE MONEY, THE PURPOSE OF THE DEBT AND WHEN THE DEBT IS DUE. *(THE U.S. TRUSTEE MAY WAIVE THIS REQUIREMENT.)*

**TOTAL PAYABLES** $ 0.00

*(Exhibit D)*

## MONEY OWED TO YOU

PLEASE ATTACH A LIST OF ALL AMOUNTS OWED TO YOU BY YOUR CUSTOMERS FOR WORK YOU HAVE DONE OR THE MERCHANDISE YOU HAVE SOLD.  YOU SHOULD INCLUDE WHO OWES YOU MONEY, HOW MUCH IS OWED AND WHEN IS PAYMENT DUE. *(THE U.S. TRUSTEE MAY WAIVE THIS REQUIREMENT.)*

**TOTAL RECEIVABLES** $ 4,500.00

*(Exhibit E)*

## BANKING INFORMATION

PLEASE ATTACH A COPY OF YOUR LATEST BANK STATEMENT FOR EVERY ACCOUNT YOU HAVE AS OF THE DATE OF THIS FINANCIAL REPORT OR HAD DURING THE PERIOD COVERED BY THIS REPORT.

*(Exhibit F)*

## EMPLOYEES

NUMBER OF EMPLOYEES WHEN THE CASE WAS FILED? 1

NUMBER OF EMPLOYEES AS OF THE DATE OF THIS MONTHLY REPORT? 1

## PROFESSIONAL FEES

*BANKRUPTCY RELATED:*

PROFESSIONAL FEES RELATING TO THE BANKRUPTCY CASE PAID DURING THIS REPORTING PERIOD? $ 0.00

TOTAL PROFESSIONAL FEES RELATING TO THE BANKRUPTCY CASE PAID SINCE THE FILING OF THE CASE? $ 5,000.00

*NON-BANKRUPTCY RELATED:*

PROFESSIONAL FEES NOT RELATING TO THE BANKRUPTCY CASE PAID DURING THIS REPORTING PERIOD? $ 0.00

TOTAL PROFESSIONAL FEES NOT RELATING TO THE BANKRUPTCY CASE PAID SINCE THE FILING OF THE CASE? $ 0.00

B 25C (Official Form 25C) (12/08)

## PROJECTIONS

COMPARE YOUR ACTUAL INCOME AND EXPENSES TO THE PROJECTIONS FOR THE FIRST 180
DAYS OF YOUR CASE PROVIDED AT THE INITIAL DEBTOR INTERVIEW.

| | Projected | Actual | Difference |
|---|---|---|---|
| INCOME | $ 7,000.00 | $ 7,500.00 | $ 500.00 |
| EXPENSES | $ 6,000.00 | $ 6,500.00 | $ 500.00 |
| CASH PROFIT | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 |

| | | |
|---|---|---|
| TOTAL PROJECTED INCOME FOR THE NEXT MONTH: | $ | 8,500.00 |
| TOTAL PROJECTED EXPENSES FOR THE NEXT MONTH: | $ | 7,500.00 |
| TOTAL PROJECTED CASH PROFIT FOR THE NEXT MONTH: | $ | 1,000.00 |

## ADDITIONAL INFORMATION

**PLEASE ATTACH ALL FINANCIAL REPORTS INCLUDING AN INCOME STATEMENT AND BALANCE SHEET
WHICH YOU PREPARE INTERNALLY.**

B 25C (Official Form 25C) (12/08)

# UNITED STATES BANKRUPTCY COURT

## Southern District of Texas

In re  Grace Fellowship Baptist Church                  ,                    Case No.  1139429
*Debtor*

Small Business Case under Chapter 11

## SMALL BUSINESS MONTHLY OPERATING REPORT

Month:  December,2011                                         Date filed:  10/31/2011

Line of Business:  Religious organization                    NAISC Code:

IN ACCORDANCE WITH TITLE 28, SECTION 1746, OF THE UNITED STATES CODE, I DECLARE UNDER PENALTY OF PERJURY THAT I HAVE EXAMINED THE FOLLOWING SMALL BUSINESS MONTHLY OPERATING REPORT AND THE ACCOMPANYING ATTACHMENTS AND, TO THE BEST OF MY KNOWLEDGE, THESE DOCUMENTS ARE TRUE, CORRECT AND COMPLETE.

RESPONSIBLE PARTY:

Original Signature of Responsible Party

Leonard McCollum

Printed Name of Responsible Party

**Questionnaire:** *(All questions to be answered on behalf of the debtor.)*

| | | Yes | No |
|---|---|:---:|:---:|
| 1. | IS THE BUSINESS STILL OPERATING? | ☑ | ☐ |
| 2. | HAVE YOU PAID ALL YOUR BILLS ON TIME THIS MONTH? | ☑ | ☐ |
| 3. | DID YOU PAY YOUR EMPLOYEES ON TIME? | ☑ | ☐ |
| 4. | HAVE YOU DEPOSITED ALL THE RECEIPTS FOR YOUR BUSINESS INTO THE DIP ACCOUNT THIS MONTH? | ☐ | ☑ |
| 5. | HAVE YOU FILED ALL OF YOUR TAX RETURNS AND PAID ALL OF YOUR TAXES THIS MONTH | ☑ | ☐ |
| 6. | HAVE YOU TIMELY FILED ALL OTHER REQUIRED GOVERNMENT FILINGS? | ☑ | ☐ |
| 7. | HAVE YOU PAID ALL OF YOUR INSURANCE PREMIUMS THIS MONTH? | ☑ | ☐ |
| 8. | DO YOU PLAN TO CONTINUE TO OPERATE THE BUSINESS NEXT MONTH? | ☑ | ☐ |
| 9. | ARE YOU CURRENT ON YOUR QUARTERLY FEE PAYMENT TO THE U.S. TRUSTEE? | ☑ | ☐ |
| 10. | HAVE YOU PAID ANYTHING TO YOUR ATTORNEY OR OTHER PROFESSIONALS THIS MONTH? | ☐ | ☑ |
| 11. | DID YOU HAVE ANY UNUSUAL OR SIGNIFICANT UNANTICIPATED EXPENSES THIS MONTH? | ☐ | ☑ |
| 12. | HAS THE BUSINESS SOLD ANY GOODS OR PROVIDED SERVICES OR TRANSFERRED ANY ASSETS TO ANY BUSINESS RELATED TO THE DIP IN ANY WAY? | ☐ | ☑ |
| 13. | DO YOU HAVE ANY BANK ACCOUNTS OPEN OTHER THAN THE DIP ACCOUNT? | ☑ | ☐ |

B 25C (Official Form 25C) (12/08)

| | | |
|---|---|---|
| 14. | HAVE YOU SOLD ANY ASSETS OTHER THAN INVENTORY THIS MONTH? | ☐ ☑ |
| 15. | DID ANY INSURANCE COMPANY CANCEL YOUR POLICY THIS MONTH? | ☐ ☑ |
| 16. | HAVE YOU BORROWED MONEY FROM ANYONE THIS MONTH? | ☐ ☑ |
| 17. | HAS ANYONE MADE AN INVESTMENT IN YOUR BUSINESS THIS MONTH? | ☐ ☑ |
| 18. | HAVE YOU PAID ANY BILLS YOU OWED BEFORE YOU FILED BANKRUPTCY? | ☐ ☑ |

## TAXES

DO YOU HAVE ANY PAST DUE TAX RETURNS OR PAST DUE POST-PETITION TAX OBLIGATIONS?                     ☐ ☑

IF YES. PLEASE PROVIDE A WRITTEN EXPLANATION INCLUDING WHEN SUCH RETURNS WILL BE FILED, OR WHEN SUCH PAYMENTS WILL BE MADE AND THE SOURCE OF THE FUNDS FOR THE PAYMENT.

*(Exhibit A)*

## INCOME

PLEASE SEPARATELY LIST ALL OF THE INCOME YOU RECEIVED FOR THE MONTH.  THE LIST SHOULD INCLUDE ALL INCOME FROM CASH AND CREDIT TRANSACTIONS. *(THE U.S. TRUSTEE MAY WAIVE THIS REQUIREMENT.)*

|  |  |  |
|---|---|---|
| **TOTAL INCOME** | $ | 8,500.00 |
| **SUMMARY OF CASH ON HAND** | | |
| Cash on Hand at Start of Month | $ | 3,000.00 |
| Cash on Hand at End of Month | $ | 1,500.00 |
| PLEASE PROVIDE THE TOTAL AMOUNT OF CASH CURRENTLY AVAILABLE TO YOU   **TOTAL** | $ | 2,500.00 |

*(Exhibit B)*

## EXPENSES

PLEASE SEPARATELY LIST ALL EXPENSES PAID BY CASH OR BY CHECK FROM YOUR BANK ACCOUNTS THIS MONTH.  INCLUDE THE DATE PAID, WHO WAS PAID THE MONEY, THE PURPOSE AND THE AMOUNT.  *(THE U.S. TRUSTEE MAY WAIVE THIS REQUIREMENT.)*

|  |  |  |
|---|---|---|
| **TOTAL EXPENSES** | $ | 7,500.00 |

*(Exhibit C)*

## CASH PROFIT

| | | |
|---|---|---|
| INCOME FOR THE MONTH *(TOTAL FROM EXHIBIT B)* | $ | 8,500.00 |
| EXPENSES FOR THE MONTH *(TOTAL FROM EXHIBIT C)* | $ | 7,500.00 |
| *(Subtract Line C from Line B)*   **CASH PROFIT FOR THE MONTH** | $ | 1,000.00 |

B 25C (Official Form 25C) (12/08)

## UNPAID BILLS

PLEASE ATTACH A LIST OF ALL DEBTS (INCLUDING TAXES) WHICH YOU HAVE INCURRED
SINCE THE DATE YOU FILED BANKRUPTCY BUT HAVE NOT PAID.  THE LIST MUST INCLUDE
THE DATE THE DEBT WAS INCURRED, WHO IS OWED THE MONEY, THE PURPOSE OF THE
DEBT AND WHEN THE DEBT IS DUE. *(THE U.S. TRUSTEE MAY WAIVE THIS REQUIREMENT.)*

**TOTAL PAYABLES** $ 0.00

*(Exhibit D)*

## MONEY OWED TO YOU

PLEASE ATTACH A LIST OF ALL AMOUNTS OWED TO YOU BY YOUR CUSTOMERS FOR WORK
YOU HAVE DONE OR THE MERCHANDISE YOU HAVE SOLD.  YOU SHOULD INCLUDE WHO
OWES YOU MONEY, HOW MUCH IS OWED AND WHEN IS PAYMENT DUE. *(THE U.S. TRUSTEE MAY
WAIVE THIS REQUIREMENT.)*

**TOTAL RECEIVABLES** $ 4,500.00

*(Exhibit E)*

## BANKING INFORMATION

PLEASE ATTACH A COPY OF YOUR LATEST BANK STATEMENT FOR EVERY ACCOUNT YOU
HAVE AS OF THE DATE OF THIS FINANCIAL REPORT OR HAD DURING THE PERIOD COVERED
BY THIS REPORT.

*(Exhibit F)*

## EMPLOYEES

NUMBER OF EMPLOYEES WHEN THE CASE WAS FILED?   1

NUMBER OF EMPLOYEES AS OF THE DATE OF THIS MONTHLY REPORT?   1

## PROFESSIONAL FEES

*BANKRUPTCY RELATED:*

PROFESSIONAL FEES RELATING TO THE BANKRUPTCY CASE PAID DURING THIS REPORTING
PERIOD?   $ 0.00

TOTAL PROFESSIONAL FEES RELATING TO THE BANKRUPTCY CASE PAID SINCE THE FILING
OF THE CASE?   $ 0.00

*NON-BANKRUPTCY RELATED:*

PROFESSIONAL FEES NOT RELATING TO THE BANKRUPTCY CASE PAID DURING THIS
REPORTING PERIOD?   $ 0.00

TOTAL PROFESSIONAL FEES NOT RELATING TO THE BANKRUPTCY CASE PAID SINCE THE
FILING OF THE CASE?   $ 0.00

B 25C (Official Form 25C) (12/08)

# UNITED STATES BANKRUPTCY COURT

Southern District of Texas

In re  Grace Fellowship Baptist Church  ,          Case No.  1139429
　　　　　　　　　　　*Debtor*

Small Business Case under Chapter 11

## SMALL BUSINESS MONTHLY OPERATING REPORT

Month:  January, 2012                    Date filed:  10/31/2011

Line of Business:  Religious organization          NAISC Code:

IN ACCORDANCE WITH TITLE 28, SECTION 1746, OF THE UNITED STATES CODE, I DECLARE UNDER PENALTY OF PERJURY THAT I HAVE EXAMINED THE FOLLOWING SMALL BUSINESS MONTHLY OPERATING REPORT AND THE ACCOMPANYING ATTACHMENTS AND, TO THE BEST OF MY KNOWLEDGE, THESE DOCUMENTS ARE TRUE, CORRECT AND COMPLETE.

RESPONSIBLE PARTY:

Original Signature of Responsible Party

Leonard McCollum

Printed Name of Responsible Party

| | Questionnaire: *(All questions to be answered on behalf of the debtor.)* | Yes | No |
|---|---|---|---|
| 1. | IS THE BUSINESS STILL OPERATING? | ☑ | ☐ |
| 2. | HAVE YOU PAID ALL YOUR BILLS ON TIME THIS MONTH? | ☑ | ☐ |
| 3. | DID YOU PAY YOUR EMPLOYEES ON TIME? | ☑ | ☐ |
| 4. | HAVE YOU DEPOSITED ALL THE RECEIPTS FOR YOUR BUSINESS INTO THE DIP ACCOUNT THIS MONTH? | ☐ | ☑ |
| 5. | HAVE YOU FILED ALL OF YOUR TAX RETURNS AND PAID ALL OF YOUR TAXES THIS MONTH | ☑ | ☐ |
| 6. | HAVE YOU TIMELY FILED ALL OTHER REQUIRED GOVERNMENT FILINGS? | ☑ | ☐ |
| 7. | HAVE YOU PAID ALL OF YOUR INSURANCE PREMIUMS THIS MONTH? | ☑ | ☐ |
| 8. | DO YOU PLAN TO CONTINUE TO OPERATE THE BUSINESS NEXT MONTH? | ☑ | ☐ |
| 9. | ARE YOU CURRENT ON YOUR QUARTERLY FEE PAYMENT TO THE U.S. TRUSTEE? | ☑ | ☐ |
| 10. | HAVE YOU PAID ANYTHING TO YOUR ATTORNEY OR OTHER PROFESSIONALS THIS MONTH? | ☐ | ☑ |
| 11. | DID YOU HAVE ANY UNUSUAL OR SIGNIFICANT UNANTICIPATED EXPENSES THIS MONTH? | ☐ | ☑ |
| 12. | HAS THE BUSINESS SOLD ANY GOODS OR PROVIDED SERVICES OR TRANSFERRED ANY ASSETS TO ANY BUSINESS RELATED TO THE DIP IN ANY WAY? | ☐ | ☑ |
| 13. | DO YOU HAVE ANY BANK ACCOUNTS OPEN OTHER THAN THE DIP ACCOUNT? | ☑ | ☐ |

Page 2

B 25C (Official Form 25C) (12/08)

| | | | |
|---|---|---|---|
| 14. | HAVE YOU SOLD ANY ASSETS OTHER THAN INVENTORY THIS MONTH? | ☐ | ☑ |
| 15. | DID ANY INSURANCE COMPANY CANCEL YOUR POLICY THIS MONTH? | ☐ | ☑ |
| 16. | HAVE YOU BORROWED MONEY FROM ANYONE THIS MONTH? | ☐ | ☑ |
| 17. | HAS ANYONE MADE AN INVESTMENT IN YOUR BUSINESS THIS MONTH? | ☐ | ☑ |
| 18. | HAVE YOU PAID ANY BILLS YOU OWED BEFORE YOU FILED BANKRUPTCY? | ☐ | ☑ |

## TAXES

DO YOU HAVE ANY PAST DUE TAX RETURNS OR PAST DUE POST-PETITION TAX OBLIGATIONS?                                                                     ☐   ☑

IF YES, PLEASE PROVIDE A WRITTEN EXPLANATION INCLUDING WHEN SUCH RETURNS WILL BE FILED, OR WHEN SUCH PAYMENTS WILL BE MADE AND THE SOURCE OF THE FUNDS FOR THE PAYMENT.

*(Exhibit A)*

## INCOME

PLEASE SEPARATELY LIST ALL OF THE INCOME YOU RECEIVED FOR THE MONTH. THE LIST SHOULD INCLUDE ALL INCOME FROM CASH AND CREDIT TRANSACTIONS. *(THE U.S. TRUSTEE MAY WAIVE THIS REQUIREMENT.)*

| | | |
|---|---|---|
| **TOTAL INCOME** | $ | 8,500.00 |

### SUMMARY OF CASH ON HAND

| | | |
|---|---|---|
| Cash on Hand at Start of Month | $ | 3,000.00 |
| Cash on Hand at End of Month | $ | 1,500.00 |
| PLEASE PROVIDE THE TOTAL AMOUNT OF CASH CURRENTLY AVAILABLE TO YOU   **TOTAL** | $ | 2,500.00 |

*(Exhibit B)*

## EXPENSES

PLEASE SEPARATELY LIST ALL EXPENSES PAID BY CASH OR BY CHECK FROM YOUR BANK ACCOUNTS THIS MONTH. INCLUDE THE DATE PAID, WHO WAS PAID THE MONEY, THE PURPOSE AND THE AMOUNT. *(THE U.S. TRUSTEE MAY WAIVE THIS REQUIREMENT.)*

| | | |
|---|---|---|
| **TOTAL EXPENSES** | $ | 7,500.00 |

*(Exhibit C)*

## CASH PROFIT

| | | |
|---|---|---|
| INCOME FOR THE MONTH *(TOTAL FROM EXHIBIT B)* | $ | 8,500.00 |
| EXPENSES FOR THE MONTH *(TOTAL FROM EXHIBIT C)* | $ | 7,500.00 |
| *(Subtract Line C from Line B)*   **CASH PROFIT FOR THE MONTH** | $ | 1,000.00 |

B 25C (Official Form 25C) (12/08)

## UNPAID BILLS

PLEASE ATTACH A LIST OF ALL DEBTS (INCLUDING TAXES) WHICH YOU HAVE INCURRED
SINCE THE DATE YOU FILED BANKRUPTCY BUT HAVE NOT PAID.  THE LIST MUST INCLUDE
THE DATE THE DEBT WAS INCURRED, WHO IS OWED THE MONEY, THE PURPOSE OF THE
DEBT AND WHEN THE DEBT IS DUE. *(THE U.S. TRUSTEE MAY WAIVE THIS REQUIREMENT.)*

|  | **TOTAL PAYABLES** | $ | 0.00 |
|---|---|---|---|

*(Exhibit D)*

## MONEY OWED TO YOU

PLEASE ATTACH A LIST OF ALL AMOUNTS OWED TO YOU BY YOUR CUSTOMERS FOR WORK
YOU HAVE DONE OR THE MERCHANDISE YOU HAVE SOLD.  YOU SHOULD INCLUDE WHO
OWES YOU MONEY, HOW MUCH IS OWED AND WHEN IS PAYMENT DUE. *(THE U.S. TRUSTEE MAY
WAIVE THIS REQUIREMENT.)*

|  | **TOTAL RECEIVABLES** | $ | 4,500.00 |
|---|---|---|---|

*(Exhibit E)*

## BANKING INFORMATION

PLEASE ATTACH A COPY OF YOUR LATEST BANK STATEMENT FOR EVERY ACCOUNT YOU
HAVE AS OF THE DATE OF THIS FINANCIAL REPORT OR HAD DURING THE PERIOD COVERED
BY THIS REPORT.

*(Exhibit F)*

## EMPLOYEES

| NUMBER OF EMPLOYEES WHEN THE CASE WAS FILED? | 1 |
|---|---|
| NUMBER OF EMPLOYEES AS OF THE DATE OF THIS MONTHLY REPORT? | 1 |

## PROFESSIONAL FEES

*BANKRUPTCY RELATED:*

| PROFESSIONAL FEES RELATING TO THE BANKRUPTCY CASE PAID DURING THIS REPORTING PERIOD? | $ | 0.00 |
|---|---|---|
| TOTAL PROFESSIONAL FEES RELATING TO THE BANKRUPTCY CASE PAID SINCE THE FILING OF THE CASE? | $ | 0.00 |

*NON-BANKRUPTCY RELATED:*

| PROFESSIONAL FEES NOT RELATING TO THE BANKRUPTCY CASE PAID DURING THIS REPORTING PERIOD? | $ | 0.00 |
|---|---|---|
| TOTAL PROFESSIONAL FEES NOT RELATING TO THE BANKRUPTCY CASE PAID SINCE THE FILING OF THE CASE? | $ | 0.00 |

Page 4

B 25C (Official Form 25C) (12/08)

## PROJECTIONS

COMPARE YOUR ACTUAL INCOME AND EXPENSES TO THE PROJECTIONS FOR THE FIRST 180
DAYS OF YOUR CASE PROVIDED AT THE INITIAL DEBTOR INTERVIEW.

|  | Projected | Actual | Difference |
|---|---|---|---|
| INCOME | $ 8,500.00 | $ 8,500.00 | $ 0.00 |
| EXPENSES | $ 7,500.00 | $ 7,500.00 | $ 0.00 |
| CASH PROFIT | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 |

| | |
|---|---|
| TOTAL PROJECTED INCOME FOR THE NEXT MONTH: | $ 8,500.00 |
| TOTAL PROJECTED EXPENSES FOR THE NEXT MONTH: | $ 7,500.00 |
| TOTAL PROJECTED CASH PROFIT FOR THE NEXT MONTH: | $ 1,000.00 |

## ADDITIONAL INFORMATION

**PLEASE ATTACH ALL FINANCIAL REPORTS INCLUDING AN INCOME STATEMENT AND BALANCE SHEET
WHICH YOU PREPARE INTERNALLY.**