IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| GRACE FELLOWSHIP BAPTIST | § | CASE NO. 11-39429-H-11 |
| CHURCH OF HOUSTON, INC., | § | Chapter 11 |
| | § | |
| | § | |
| GRACE FELLOWSHIP CHRISTIAN | § | CASE NO. 11-39430-H-11 |
| CENTER, INC., | § | |
|     Debtors | § | |
| | § | |
| | § | JOINTLY ADMINISTERED |

ASSEMBLIES OF GOD LOAN FUND'S
RESPONSE TO TRUSTEE'S MOTIONS TO DISMISS AND
ASSEMBLIES OF GOD LOAN FUND'S MOTION TO CONVERT

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE BANKRUPTCY COURT JUDGE:

**Assemblies of God Loan Fund, a Missouri not-for-profit corporation**, ("AGLF"), files this Response to the Trustee's Motions to Dismiss (Docket #38 and #39) the captioned bankruptcy cases, and urges the Court to convert them to Chapter 7 proceedings and would respectfully show the Court as follows:

[K:\23907\79711\Dismiss Response.wpd]                                1

**Background**

1. On October 31, 2011, Debtor filed a Petition for Relief under Chapter 11 of the Bankruptcy Code, thereby initiating the above bankruptcy case.

2. AGLF is the owner of non-residential real property located at 4139, 4135, 4114 and 0 Kewanee Street, Houston, Harris County, Texas 77051, more particularly described in tax records as lots 12, 13 & 14 of block Q Sunnyside Courts and Lots 7 & 8 of block S, Sunnyside Courts (the "Real Property").

3. The Debtor had leased the Real Property from AGLF pursuant to a Lease Agreement dated October 14, 2010. The Debtor has asserted that it leased the Real Property from AGLF pursuant to a Commercial Lease dated September 22, 2009, and a Commercial Lease Amendment dated December 23, 2009. The Debtor's right to possession of the Real Property terminated under the Lease on February 1, 2011. Even if the 2009 Lease and 2009 Amendment were the operative lease agreement as the Debtor asserts, the Debtor's right to possession of the Real Property terminated under the 2009 Amendment on July 31, 2011. Under any of the documents, the Debtor had no further right to possession of the Real Property before it filed bankruptcy on October 31, 2011, but the Debtor continued in possession of the Real Property. AGLF terminated the Debtor's right to possession by correspondence from AGLF's counsel dated July 28, 2011.

4. When the Debtor failed to surrender possession of the Real Property, AGLF filed a petition in forcible detainer in the Justice of the Peace Court in Precinct 7, Place 2 under case no. EV72C0025783 (the "Eviction Proceeding"). A judgment for possession was signed in favor of AGLF in the Eviction Proceeding on September 13, 2011. Thereafter, the Debtor appealed the judgment to the Harris County Court at Law #3 (the "County Court") for a trial *de novo* of the

Eviction Proceeding under case no. 1002764 (the "Appeal"). The Appeal was set for trial on November 2, 2011, but the Debtor filed this case on October 31, 2011, and the Appeal was removed from the County Court's docket.

5. The Debtor has delayed AGLF for over four (4) months from regaining possession of the Real Property during a time when it had no right to possession of the Real Property. AGLF has awaited patiently the Debtor's filing of a plan of reorganization based upon representations that it was going to obtain financing to purchase the Real Property from AGLF as part of its plan. No plan has been filed, and it appears the Debtor will not have the means to purchase the Real Property as it had proposed.

6. On information and belief, the Debtor has failed to deposit all funds on hand at the time of its bankruptcy filing and all funds received since filing bankruptcy into a debtor in possession account.

7. The Landlord has filed a claim for unpaid rents of over $44,000.00, and rents have continued to accrue during the pendency of this case which the Debtor has not paid. There should be sufficient cash assets in the Debtor's DIP account to pay the Landlord's claim, and the Debtor should be forced to turn over funds to the Trustee for administration which the Debtor has withdrawn improperly, or failed to deposit, in its DIP account under this Court's jurisdiction.

8. If this Court dismisses the Debtor's bankruptcy, it will be rewarding the Debtor for (a) preventing and delaying the Landlord in its state law remedies to evict it from the Landlord's property, and (b) disregarding the bankruptcy statutes and rules it invoked in seeking protection from the Landlord.

9. If the Court dismisses the Debtor's case, the Debtor will be free to pursue litigation in state court in an effort to further thwart the Landlord's efforts to regain possession of its Real Property from the Debtor.

10. Under 11 U.S.C. §1112, this Court may convert a case to a case under chapter 7 on the request of a party in interest. AGLF suggests cause exists under 11 U.S.C. §1112 (b)(4) to convert this case to a chapter 7 proceeding because of the Debtor's gross mismanagement of the estate, unexcused failure to satisfy timely filing or reporting requirements, and failure to confirm a plan timely.

## Requested Relief

11. AGLF requests that the Court convert this case to a chapter 7 proceeding so that a trustee may recover assets of the estate which may have been misdirected by the Debtor. AGLF requests such other and further relief to which it may show itself to be justly entitled.

Respectfully submitted,

**CHERNOSKY, SMITH, RESSLING & SMITH, PLLC**

By: */s/ Michael J. Smith*
    MICHAEL J. SMITH
    TBA No. 18650880
    4646 Wild Indigo, Suite 110
    Houston, Texas  77027
    Telephone:  (713) 800-8608
    Facsimile:  (713) 622-1026
    Email: msmith@csrslaw.com
    **Attorneys for Assemblies of God Loan Fund**

## Certificate of Service

      A copy of this response was served on the persons shown on Exhibit "A" at the addresses reflected on that exhibit on April 10, 2012, by prepaid United States first class mail.

                                  */s/ Michael J. Smith*
                                  AGLF's Counsel

**EXHIBIT "A"**
**SERVICE LIST**

**PRO SE DEBTOR:**
Grace Fellowship Baptist Church of Houston, Inc.
P.O. Box 740653
Houston, Texas 77274
*Via First Class U.S. Mail*

Grace Fellowship Christian Center, Inc.
P.O. Box 740653
Houston, Texas 77274
*Via First Class U.S. Mail*

**U.S. TRUSTEE:**
U. S. Trustee
Bob Casey Federal Building
515 Rusk, 3rd Floor, Suite 3516
Houston, Texas 77002
*Via Electronic Notice*

Christine A. March
Office of the US Trustee
515 Rusk, 3rd Floor, Suite 3516
Houston, Texas 77002
*Via Electronic Notice*

**TWENTY (20) LARGEST CREDITORS SCHEDULED BY DEBTOR, PARTIES IN INTEREST AND THOSE REQUESTING NOTICE:**

Arrow Surveying
P O Box 410
Pearland, TX 77581

AT&T
P O Box 5001
Carol Stream, IL 60197

Direct Energy
P O Box 650272
Dallas, TX 75265-0272

Don Summers, CPA
P O Box 3547
Houston, TX 77253

Liberty Power
1901 West Cypress Creek Rd., Suite 600
Fort Lauderdale, FL 33309

Sprint
P O Box 66510
Houston, TX 77266

Harris County
c/o John P. Dillman
Linebarger Goggan Blair & Sampson, LLP
P.O. Box 3064
Houston, Texas 77253-3064