UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 11-39423 |
| SOZO INVESTMENT GROUP, L.L.C. | § | (Chapter 11) |
| dba SOZO PROPERTIES, L.L.C. dba | § | |
| SOZO PROPERTIES, | § | |
| Debtor | § | |

**FOUNDATION CAPITAL RESOURCES, INC.'S
RESPONSE TO TRUSTEE'S MOTION TO DISMISS AND
FOUNDATION CAPITAL RESOURCES, INC.'S MOTION TO CONVERT**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE BANKRUPTCY COURT JUDGE:

**Foundation Capital Resources, Inc.**, a Georgia corporation, (the "Landlord") files this Response to the Trustee's Motion to Dismiss (Docket #32) and urges the Court to convert this case to a chapter 7 proceeding, and would respectfully show unto the Court as follows:

**Background**

1. On October 31, 2011, Debtor filed a Petition for Relief under Chapter 11 of the Bankruptcy Code, thereby initiating the above bankruptcy case.

2. The Landlord is the owner of non-residential real property located at 600 Charles Street, Humble, Harris County, Texas 77338, more particularly described as follows:

> Being a tract of land containing 4.5187 acres (196,834 square feet) situated in the W. B. Adams survey, Abstract No. 95, in Harris County, Texas and being all of the property described in Trustee's Deed recorded under Harris County Clerk's file No. W049638 and further being out fo a described 8.6 acre tract as recorded in Volume 1113, Page 84 fo the deed records of Harris County, Texas. Said 4.5187 acre tract being more particularly described by metes and bounds in Exhibit "A" attached hereto (the "Real Property").

3. The Landlord acquired the Real Property through a Quitclaim Deed dated March 22, 2011, from 600 Charles, LLC, a Missouri limited liability company ("600 Charles").

4. The Debtor leased the Real Property from 600 Charles LLC pursuant to a Lease Agreement dated August 9, 2010. The Landlord honored and, by its conduct, ratified the Lease following the conveyance of the Real Property to it in March of 2011. Sozo Properties failed to pay its rent as it came due under the Lease, and by correspondence dated October 4, 2011, counsel for the Landlord sent the Debtor a 3 day Notice of Eviction and Demand for Possession of the Premises.

5. On information and belief, Debtor subleased the Real Property to **Miracle Educational Systems, Inc. d/b/a Preparatory Academy Charter School**, a Texas corporation ("MES"). The Landlord, by correspondence from its counsel to MES dated August 25, 2011, requested that MES provide a copy of its lease and pay its rent to the Landlord. MES failed to provide a copy of its lease and it did not pay rent to the Landlord. By correspondence dated October 4, 2011, counsel for the Landlord sent MES a 3 day Notice of Eviction and Demand for Possession of the Premises.

6. Neither the Debtor nor MES surrendered possession of the Premises following the the Landlord's notice to vacate and they are willfully withholding possession of the Premises from the Landlord at this time.

6. When the Debtor and MES failed to surrender possession of the Real Property, the Landlord filed a petition in forcible detainer in the Justice of the Peace Court in Precinct 4, Place 2 under case no. EV42C5048295L (the "Eviction Proceeding"). Prior to service of citations in the Eviction Proceeding, the Debtor filed this bankruptcy case. MES made an appearance and answered the Eviction Proceeding.

7. The Debtor agreed under the Lease to pay the Landlord rent of at least $3,500.00 per month from December 1, 2010, to March 1, 2011, and $5,500.00 per month from March 1, 2011, to September 1, 2011, and $9,500.00 from September 1, 2011, to July 31, 2012. The Debtor is delinquent in the payment of rents under the Lease. However, on information and belief, the Debtor has been collecting rent from MES in amounts substantially exceeding it obligation to the Landlord.

8. On information and belief, the Debtor has paid funds to third parties without this Court's authorization or approval, and has failed to deposit all funds on hand at the time of its bankruptcy filing and all funds received since filing bankruptcy (including rents collected from MES) into a debtor in possession account.

9. The Landlord has filed a claim for unpaid rents of over $50,000.00, and rents have continued to accrue during the pendency of this case which the Debtor has not paid. There should be sufficient cash assets in the Debtor's DIP account from rents collected from MES during the pendency of this case to pay the Landlord's claim, and the Debtor should be forced to turn over funds to the Trustee for administration which the Debtor has withdrawn improperly, or failed to deposit, in its DIP account under this Court's jurisdiction.

10. The Debtor has filed an adversary proceeding against the Landlord seeking to have this Court declare that the Debtor is not in default under its Lease with the Landlord.

11.	If this Court dismisses the Debtor's bankruptcy, it will be rewarding the Debtor for (a) preventing and delaying the Landlord in its state law remedies to evict it from the Landlord's property, (b) disregarding the bankruptcy statutes and rules it invoked in seeking protection from the Landlord, and (c) funneling its assets to insiders and away from creditors on obligations owed to creditors.

12.	If the Court dismisses the Debtor's case, the Debtor will be free to pursue litigation in state court in an effort to further thwart the Landlord's efforts to regain possession of its Real Property from the Debtor.

13.	Under 11 U.S.C. §1112, this Court may convert a case to a case under chapter 7 on the request of a party in interest.  The Landlord suggests cause exists under 11 U.S.C. §1112 (b)(4) to convert this case to a chapter 7 proceeding because of the Debtor's gross mismanagement of the estate, unexcused failure to satisfy timely filing or reporting requirements, and failure to confirm a plan timely.

## Requested Relief

14.	The Landlord requests that the Court convert this case to a chapter 7 proceeding so that a trustee may recover assets of the estate misdirected by the Debtor to insiders and so that the Landlord may defend itself in the pending adversary proceeding and obtain a final judgment confirming the Debtor's default under its Lease Agreement with the Landlord so there will be no impediment to the Landlord's evicting the Debtor from its Real Property.  The Landlord requests such other and further relief to which it may show itself to be justly entitled.

        Respectfully submitted,

        **CHERNOSKY, SMITH, RESSLING & SMITH, PLLC**

By:   /s/ Michael J. Smith
       MICHAEL J. SMITH
       TBA No. 18650880
       4646 Wild Indigo, Suite 110
       Houston, Texas  77027
       Telephone:     (713) 800-8608
       Facsimile:     (713) 622-1026
       Email: msmith@csrslaw.com
       **Attorneys for Foundation Capital Resources, Inc.**

**Certificate of Service**

A copy of this response was served on the persons shown on **Exhibit "1"** at the addresses reflected on that exhibit on April 10, 2012, by prepaid United States first class mail.

       /S/ MICHAEL J. SMITH
       Landlord's Counsel

**EXHIBIT "1"**
**SERVICE LIST**

**DEBTOR:**
Sozo Investment Group, L.L.C.
dba Sozo Properties, L.L.C.
dba Sozo Properties
P.O. Box 740653
Houston, Texas 77274
*Via First Class U.S. Mail*

**DEBTOR'S COUNSEL:**
Mr. Thomas Baker Greene, III
Law Office of Thomas B. Greene, III
2311 Steel Street
Houston, Texas 77098
Telephone: (713) 882-2312
Email: tbgreeneiii@msn.com
*Via Electronic Notice*

**U.S. TRUSTEE:**
U. S. Trustee
Bob Casey Federal Building
515 Rusk, 3rd Floor, Suite 3516
Houston, Texas 77002
*Via Electronic Notice*

Nancy Lynne Holley
US Trustee
Bob Casey Federal Building
515 Rusk, 3rd Floor, Suite 3516
Houston, Texas 77002
Telephone: (713) 718-4650
Email: nancy.holley@usdoj.gov
*Via Electronic Notice*

**TWENTY (20) LARGEST CREDITORS SCHEDULED BY DEBTOR, PARTIES IN INTEREST AND THOSE REQUESTING NOTICE:**

600 Charles LLC
P O Box 1867
Springfield, MO 65801

[K:\Wpmain\23907\83411\dismiss response.wpd]                6